IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY MURPHY, )
) Civil Action No. 07 - 823
)
    Plaintiff, ) Chief Judge Donetta W. Ambrose
) Magistrate Judge Lisa Pupo
v. ) Lenihan
)
FAYETTE COUNTY PRISON, )
)
    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 17) be granted.

II. **REPORT**

Plaintiff, Timothy Murphy, is an inmate currently confined at the Fayette County Prison (FCP). He commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against the FCP complaining about the conditions of his confinement. Defendants have moved for dismissal of the Complaint on the basis of, *inter alia*, Plaintiff's failure to have complied with the inmate grievance process available to FCP prisoners. For the reasons that follow, Defendants' Motion should be granted.

**A. Standard of Review**

Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). In deciding a motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be

taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___U.S. ___, 127 S.Ct. 1964-65. In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1955. It is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688).

**B. Failure to Exhaust Administrative Remedies**

One of Defendant's bases for dismissal of the Amended Complaint is Plaintiff's alleged failure to have exhausted his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).[1] In this regard, in the PLRA, Congress amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e, concerning suits by prisoners. Before the amendments, prisoners challenging the conditions of their confinement under 42 U.S.C. § 1983 were not required to exhaust administrative remedies before

---

1. The Court notes that Defendant first argues that the named Defendant, FCP, is an improper party. This argument is rejected as the FCP is part of Fayette County and the Court broadly construes Plaintiff's pleadings as alleging liability against Fayette County.

3

filing suit.  The PLRA amended section 1997e(a), as follows, making exhaustion a mandatory requirement.

>   (a)   Applicability of administrative remedies
>
>   No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), as amended.

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner).  In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions.  In so holding, the court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement. Booth, 206 F.3d at 300; Nyhuis, 204 F.3d at 66.  A unanimous Supreme Court affirmed the Court of Appeals' holding in Booth v. Churner, 532 U.S. 731 (2001) where the Court confirmed that in the PLRA Congress mandated complete exhaustion of administrative remedies, regardless of the relief offered through those administrative procedures.  In addition, in Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court clarified that the PLRA's exhaustion requirement

4

applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes and whether they allege excessive force or other conduct.

The administrative grievance procedure provides two levels of review as follows (doc. no. 26). First, an inmate must submit the grievance in writing on a FCP event report, which is obtained upon request, to either the Deputy Warden of Security or Deputy Warden of Inmate Welfare within five (5) calendar days of the incident or occurrence in question The completed grievance must be given to the assigned housing officer. The appropriate Deputy Warden will conduct an investigation and communicate his findings within five (5) days. Within two (2) calendar days, an inmate may, in writing, appeal the decision to the Warden. The Warden's decision is final.

In the instant action, Defendant asserts that the Amended Complaint should be dismissed because Plaintiff failed to have exhausted his administrative remedies in that he failed to have filed any grievances concerning his claims. The Court of Appeals for the Third Circuit has held that a prisoner's failure to comply with the procedural and substantive requirements of a prison's grievance policy results in procedural default thereby precluding an action in federal court. *See* Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). The United States Supreme Court adopted a similar holding in Woodford v. Ngo, ___ U.S. ___, 126 S.Ct. 2378 (June 22, 2006) wherein it held that an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the

PLRA's mandatory exhaustion requirement. Woodford, 126 S.Ct. at 2382.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." This Court has described the doctrine as follows: "[A]s a general rule … courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

Woodford, 126 S. Ct. at 2385-2386 (internal citations, quotations and footnotes omitted).

The Court further noted that "[c]onstruing § 1997e(a) to require proper exhaustion also fits with the general scheme of the PLRA, whereas respondent's interpretation would turn that provision into a largely useless appendage. The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodard, 126 S. Ct. at 2387. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction" and "[t]he

6

benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id*. at 2387-88.

In the case at bar, Plaintiff procedurally defaulted his claim by failing to file any grievances concerning his claims. Plaintiff admits that he did not file any grievances. Rather, he claims that he wrote "request slips," had his parents call the prison, and complained to the officer on duty. He tries to make excuses for his failure to file a grievance by claiming that he did not know of any grievance procedure until sometime in 2007. Plaintiff cannot create a material issue of fact simply by asserting ignorance of the law. In this regard, former Chief Judge D. Brooks Smith (now Circuit Judge for the United States Court of Appeals for the Third Circuit), specifically held that:

> allowing prisoners to avoid the PLRA's exhaustion requirement merely by alleging that they were prevented from doing so would undermine the very purpose of the PLRA. Congress passed the PLRA "largely in response to concerns about the heavy volume of frivolous prison litigation in federal courts." [Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)]. In Nyhuis, the Third Circuit found that carving a futility exception into the PLRA would frustrate the Congressional purpose to stem the tide of prisoner lawsuits. Id. In addition, the Court noted that such an exception would merely allow clever inmates to plead their way around the PLRA's exhaustion mandate by alleging that exhaustion would be futile. Id. I confront the same problem in the instant case. Adopting a rule that permits prisoners to avoid the exhaustion requirements merely by claiming that they were prevented from filing a grievance would create an exception to the PLRA large enough to swallow the general rule. Based on the Third Circuit's holding that permitting such an exception would undermine Congressional purpose, I refuse to adopt such an exception today.

7

Gallman v. Horn, Civil Action 99-138J (W.D. Pa.. October 31, 2000) (Mem. Ord. pp. 3-4).

As stated by the Third Circuit, "it is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted). The Supreme Court of the United States reiterated this tenet when it affirmed the Third Circuit's holding in Booth. Consequently, this Court is required to follow the Supreme Court's directive in Booth and dismiss Plaintiff's complaint due to his failure to have exhausted his available administrative procedures. *Accord* Quillar v. Brinkman, 63 Fed.Appx. 361, 362 (9th Cir. 2003) ("The district court correctly dismissed Quillar's action because it was clear from the face of the amended complaint that he had failed to exhaust available prison administrative remedies.").

### III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 17) be granted.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated:   April 3, 2008              Lisa Pupo Lenihan
                                    United States Magistrate Judge


cc:      The Honorable Donetta W. Ambrose
         United States District Judge, Chief

         Timothy Murphy
         Fayette County Prison
         12 Court Street
         Uniontown, PA  15401